1
2
3
4
5
6
7

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| IN RE: CHASE BANK USA, N.A. "CHECK LOAN" CONTRACT LITIGATION | MDL No. 2032 |
|---|---|
| | Case No. M:09-cv-02032-MMC |
| THIS DOCUMENT RELATES TO: | [PROPOSED] PRE-TRIAL ORDER NO. 1 (INITIAL CASE MANAGEMENT AND STRUCTURE OF PLAINTIFFS' COUNSEL) |
| ALL CASES. | |
| | Judge:   Honorable Maxine M. Chesney |

This matter came before the Court upon Plaintiffs' Administrative Motion for Entry of Initial Case Management Order and Appointment of Interim Class Counsel.  Upon consideration thereof, the Court hereby ORDERS as follows:

**I.    PRE-TRIAL COORDINATION**

This Order shall govern and control the pre-trial procedures for the litigation of each transferred action listed in **Exhibit A** attached hereto, all related actions which may be filed in this Court, and all "tag along actions" which may be transferred to this Court (collectively, "Included Action(s)").

**A.    Master Docket and Case File**

The clerk shall maintain a master docket and master case file under the style "IN RE CHASE BANK USA, N.A. 'CHECK LOAN' CONTRACT LITIGATION," master file number

M:09-cv-02032-MMC. All orders, pleadings, motions, and other documents shall, when filed and docketed in the master case file, be deemed filed and docketed in each individual Included Action to the extent applicable.

B. **Captions and Separate Filing**

Orders, pleadings, motions and other documents shall bear a caption similar to that of this Order. If generally applicable to all coordinated actions, they shall include in their caption the notation that they relate to "ALL CASES" and be filed and docketed only in the master case file. Documents intended to apply only to particular cases shall indicate in their caption the case number(s) of the case(s) to which they apply, and shall be filed and docketed both in the master case file and the specified individual case files.

II. **ORGANIZATION OF PLAINTIFFS' COUNSEL**

A. **Structure of Plaintiffs' Counsel**

The Court hereby designates the following counsel to serve in the following capacities:

1. The <u>Plaintiffs' Executive Committee</u> shall be comprised of the following Plaintiffs' Counsel:

Elizabeth J. Cabraser
LIEFF, CABRASER, HEIMANN & BERNSTEIN, LLP
275 Battery Street
San Francisco, CA 94111

James C. Sturdevant
THE STURDEVANT LAW FIRM
354 Pine Street, Fourth Floor
San Francisco, CA 94104

Oren S. Giskan
GISKAN SOLOTAROFF ANDERSON & STEWART LLP
11 Broadway, Ste. 2150
New York, NY 10004

Robert S. Green
GREEN WELLING P.C.
595 Market St., Ste. 2750
San Francisco, CA 94105

Eric H. Gibbs
GIRARD GIBBS LLP
601 California Street, 14th Floor
San Francisco, CA 94108

Jeff S. Westerman
MILBERG LLP
One California Plaza
300 South Grand Avenue Suite 3900
Los Angeles, CA 90071

2.  As <u>Plaintiffs' Liaison Counsel</u>:  LIEFF, CABRASER, HEIMANN & BERNSTEIN, LLP.

3.  As <u>Plaintiffs' Steering Committee</u>:  A representative from each action transferred or otherwise made a part of this multidistrict litigation proceeding.

**B. Plaintiffs' Executive Committee To Serve As Interim Class Counsel Pursuant To Fed. R. Civ. P. 23(g)**

The members of Plaintiffs' Executive Committee shall serve as Interim Class Counsel pursuant to Fed. R. Civ. P. 23(g)(2)(A) until further order of the Court.

**C. Responsibilities Of Plaintiffs' Designated Counsel**

**1. Plaintiffs' Executive Committee:**

Plaintiffs' Executive Committee shall be generally responsible for coordinating the activities of Plaintiffs during pretrial proceedings as well as monitoring and ensuring that work conducted by Plaintiffs' counsel on this matter is reasonably necessary and avoids unnecessary costs and duplication of effort.  Plaintiffs' Executive Committee shall determine (after consultation with other co-counsel as may be appropriate) and present (in briefs, oral argument, or such other fashion as may be appropriate, personally or by designee) to the Court and opposing parties the position of the Plaintiffs on all matters arising during pretrial proceedings.  Plaintiffs' Executive Committee shall have the following responsibilities with respect to the cases during their pendency in MDL No. 2032:

(a)  Coordinate, initiate and conduct discovery on behalf of Plaintiffs consistent with the requirements of Fed. R. Civ. P. 26, including preparing joint interrogatories and requests for production of documents and the examination of witnesses in depositions;

(b)  Fund the necessary and appropriate costs of discovery and other common benefit efforts;

(c)  Consult with and employ consultants or experts, as necessary;

(d) Coordinate settlement discussions or other ADR efforts on behalf of Plaintiffs, under the supervision of the Court, if and as appropriate;

(e) Enter into stipulations with opposing counsel as necessary for the conduct of the litigation;

(f) Encourage full cooperation and efficiency among all Plaintiffs' counsel;

(g) Delegate work responsibilities and monitor the activities of all Plaintiffs' counsel to assure that the pretrial preparation for the various Plaintiffs is conducted effectively, efficiently, and economically, that schedules are met, and that unnecessary expenditures of time and expense are avoided;

(h) Prepare and distribute to the parties periodic status reports;

(i) Present all matters of common concern to the Plaintiffs in MDL No. 2032;

(j) Maintain adequate time and disbursement records covering services as designated counsel; and

(k) Perform such other duties as may be incidental to proper coordination of Plaintiffs' pretrial activities or as authorized by further Order of the Court.

2. **Plaintiffs' Liaison Counsel:**

Plaintiffs' Liaison Counsel shall have the following responsibilities:

(a) Maintain an up-to-date, comprehensive Service List of Plaintiffs in MDL No. 2032 and promptly advise the Court and Defendants' counsel of changes to Plaintiffs' Service List;

(b) Receive and distribute to Plaintiffs' counsel, as appropriate, Orders, notices, and correspondence from the Court, to the extent such documents are not electronically filed;

(c) Receive and distribute to Plaintiffs' counsel, as appropriate, discovery pleadings and correspondence and other documents from Defendants' counsel that are not electronically filed;

(d) Maintain a file-endorsed copy of this Pre-trial Order No. 1, and serve the same on the parties and/or their attorneys in any actions later instituted in, removed to, or transferred to, these proceedings, as set forth below; and

(e) Communicate with the Court, on behalf of the Plaintiffs' Executive Committee, concerning scheduling and other administrative matters.

3. **Plaintiffs' Steering Committee:**

Plaintiffs' Steering Committee shall have the following responsibilities:

(a) Participate in common benefit work to advance the litigation, assigned and performed under the direction of the Plaintiffs' Executive Committee; and

(b) Meet and confer with Plaintiffs' Executive Committee to provide advice regarding any matter, as may be requested from time to time by the Plaintiffs' Executive Committee.

D. **Other Provisions Relating To Plaintiffs' Counsel**

1. **Privileged Communications**

The Court recognizes that cooperation among counsel and the parties is essential for the orderly and expeditious resolution of the litigation. The communication, transmission or dissemination of information of common interest among Plaintiffs' counsel shall be protected by the attorney-client privilege, the protections afforded by the attorney work product doctrine, the protections afforded to material prepared for litigation or any other privilege or protection from disclosure to which a party may otherwise be entitled. ~~Any~~ The use of cooperative efforts by Plaintiffs in connection with MDL No. 2032 and any stipulations entered In MDL No. 2032 ~~in an effort to~~ will be addressed at the July 31, 2009 Case Management Conference. ~~streamline the litigation or to aid in the management of MDL No. 2032 shall not in any way be used against any of the parties in this or any other action, be cited as purported evidence of conspiracy, wrongful action or wrongful conduct, and shall not be communicated to any jury.~~

2. **Time Records and Expenses**

All Plaintiffs' counsel shall keep contemporaneous records of their time and expenses devoted to this matter in a uniform manner. Those records shall reflect the date the legal service

1  is rendered, the nature of the service rendered, the specific matter in which the service is
2  rendered, and the number of hours expended.

3  **III.    SERVICE OF DOCUMENTS**

4        Within ten (10) days of the date of this Order, counsel for any party desiring to receive
5  service of documents filed with the Court shall register for participation in the Court's Internet-
6  based Electronic Case Files (ECF) system.  Unless otherwise directed by the Court, all documents
7  required to be filed with the Court shall be filed and served exclusively through the ECF system,
8  in accordance with the Court's Electronic Case Filing Administrative Procedures.  Except as the
9  parties may otherwise agree among themselves, paper copies of documents filed with the Court
10 need not be served on any party.  Discovery requests, responses thereto, and other pleadings not
11 required to be filed with the Court shall be served on Defendants' counsel and Plaintiffs' Liaison
12 Counsel by overnight delivery, or such other method(s) of service as the affected parties may
13 agree among themselves.

14 **IV.    MASTER PLEADINGS**

15       Plaintiffs shall designate a single Master Complaint for use in these coordinated
16 proceedings.  Defendants shall respond to the Master Complaint pursuant to the schedule set forth
17 below.  Except for the Master Complaint, Defendant need not answer or respond to any complaint
18 or amended complaint filed in any Included Action.

19       The Master Complaint and/or any Answer by Defendants thereto may be amended
20 pursuant to stipulation.  Such stipulations must be in writing and filed with the Court.  Absent a
21 stipulation, a master pleading may only be amended upon Order by the Court.

22       For all subsequently filed cases which are made a part of MDL No. 2032, Plaintiffs shall
23 file a pleading styled Notice of Adoption adopting the Master Complaint.  Any Answer by
24 Defendants to the Master Complaint shall be deemed responsive to all actions filed subsequent to
25 such Answer.

26 **V.    LATER FILED CASES**

27       The terms of this Order will apply to actions later instituted in, removed to, or transferred
28 to this Court and made part of MDL No. 2032.  When an action is added on as part of these

1  proceedings, Plaintiffs' Liaison Counsel will serve a file-endorsed copy of this Pre-trial Order

2  No. 1 on the attorneys for the plaintiff(s) in such action and any new defendant in such action or

3  their counsel.  A new party objecting to the application of any provision of this Order must file a

4  request for relief from this Order within ten (10) days of service of this Order upon that party,

5  with a copy served on Plaintiffs' Liaison Counsel and Defendants' counsel.

VI.  **PLEADINGS**

   A.  **Master Complaint**

   Plaintiffs shall file a Master Complaint on or before July 24, 2009.

   B.  **Defendants' Responsive Pleading**

   If Defendants move to compel arbitration of any or all of the complaints, such motion will be filed by August 31, 2009; and any other responsive pleading or motion shall be filed by Defendants by September 21, 2009.

VII.  **DISCOVERY**

   A.  **Discovery Schedule**  The scheduling of discovery will be addressed at the July 31, 2009 Case Management Conference. ~~Plaintiffs shall propound initial discovery requests upon Defendants on or before July 24, 2009.  Discovery shall commence for all purposes thereafter~~.

   B.  **Protective Order**

   The parties will promptly meet and confer regarding entry of a suitable protective order, such as the form recommended by the *Manual For Complex Litigation, Fourth*, to protect such confidential information as may be produced in these proceedings.

   **IT IS SO ORDERED.**

Dated: July 24, 2009

*[signature]*
The Honorable Maxine M. Chesney
United States District Court Judge