UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In Re: Chase Bank USA, N.A. "Check Loan" Contract Litigation,<br><br>v.<br><br>Chase Bank, et al.,<br><br>    Defendants.<br>_____/ | No. C 09-MD-2032 MMC  (JL)<br><br>ORDER re Discovery Dispute (Docket #s 137, 138) |

       This Court received the parties' statements regarding a discovery dispute. All discovery has been referred by the district court (Hon. Maxine M. Chesney) under 28 U.S.C. §636(b). The parties met and conferred but could neither resolve their dispute nor submit a joint statement, so they submitted separate statements as provided by this Court's Standing Order. This Court finds the matter suitable for decision without oral argument as provided by Civil Local Rule 7-1(b).

       Plaintiffs seek a number of documents for which Chase claims the bank examiner or bank examination privilege. However, Chase claims the bank examiner privilege for documents which were not created by the Office of the Comptroller of the Currency ("OCC"). This privilege, if it exists at all, is held by the OCC and not by Chase. The district court previously ruled on this same issue in another Multidistrict Litigation involving a bank - see order in the Wells Fargo Residential Mortgage Discrimination Litigation(C-08-MD-1930 MMC):

> [i]f the subject documents are covered by the bank examination privilege, the Office of the Comptroller of the Currency ("OCC") holds the privilege. See *In re Bankers Trust Co.*, 61 F.3d 465, 468, 471-72 (6th Cir. 1995). Plaintiffs do not contend they have provided notice of their request for production of the documents to the OCC, and, to the extent plaintiffs argue the Court can or should determine whether the subject documents are privileged without providing to the OCC notice and an opportunity to be heard, the Court disagrees. See, e.g., *id.* at 471-72 (holding where bank examination privilege may be "appropriate," federal agency "must be allowed the opportunity to assert the privilege and the opportunity to defend its assertion"; noting that because privilege is "qualified," district court "must balance the competing interests of the party seeking the documents and those of the government").
>
> Accordingly, to the extent plaintiffs seek production of documents to which Wells Fargo has asserted the bank examination privilege may apply, plaintiffs are hereby DIRECTED to give notice of their request to the OCC. Unless and until such notice has been given, and either the OCC subsequently does not claim a privilege or any claim of privilege by the OCC is found to be without merit by Magistrate Judge Larson, Wells Fargo shall not be required to produce the subject documents to plaintiffs.

(Order e-filed August 17, 2009 at Docket # 170)

Accordingly, in order to determine whether the OCC, as the holder of any privilege that exists, asserts any such claim, Plaintiffs must advise the OCC of documents they are requesting for which Chase claims the bank examiner's privilege. If the OCC responds that it does not claim the privilege, then the Court may order Chase to produce the documents to Plaintiffs, unless the documents are subject to other limitations. Preliminarily, this Court also finds that any limits on the scope of discovery as a result of Judge Chesney's ruling on the motion to dismiss, or the pendency of class certification proceedings, are the purview of Judge Chesney, and this Court defers to her decision on the scope of discovery as established by her rulings and proceedings before her.

IT IS SO ORDERED.

DATED: March 17, 2011

_____
JAMES LARSON
United States Magistrate Judge

G:\JLALL\CASES\CIV-REF\09-2032 MD\Order re 137, 138.wpd