Elizabeth J. Cabraser (State Bar No. 83151)
Michael W. Sobol (State Bar No. 194857)
Roger N. Heller (State Bar No. 215348)
**LIEFF, CABRASER, HEIMANN & BERNSTEIN, LLP**
275 Battery Street, 30th Floor
San Francisco, CA  94111-3336
Telephone:     (415) 956-1000
Facsimile:      (415) 956-1008

*Plaintiffs' Liaison Counsel*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: CHASE BANK USA, N.A. "CHECK LOAN" CONTRACT LITIGATION | MDL No. 2032 |
| | Case No. 3:09-md-2032 MMC (JSC) |
| THIS DOCUMENT RELATES TO:<br><br>   ALL CASES. | **PLAINTIFFS' STATEMENT REGARDING DISCOVERY DISPUTE**<br><br>Magistrate Judge Jacqueline Scott Corley |

1       Pursuant to Magistrate Judge Jacqueline Scott Corley's Standing Order, Plaintiffs hereby
2   submit this statement regarding a discovery dispute that the parties have been unable to resolve.[1]
3   This dispute concerns Defendant Chase's extensive use of the attorney-client and work product
4   privilege as a basis for withholding numerous internal documents that Chase has identified to be
5   responsive to Plaintiffs' document requests.  Many of the documents listed on Chase's privilege
6   log were not authored by or sent to an attorney.[2]  For these documents, Chase has provided
7   cryptic explanations for its invocation of the privilege such as:

"Communication involving counsel reflecting legal advice regarding June Minimum Payment Change in Terms Training Materials."
"Email requesting legal advice regarding November Life of Loan Remediation."
"Discussion among client representatives reflecting attorney's legal advice regarding Life of Loan script."
"Email communication providing information to solicit legal advice regarding Pricing Update."
"Discussion among client representatives regarding draft press release prepared by attorney regarding Recent Chase Card Actions."
"Communication involving counsel reflecting counsel's legal advice regarding Communications and Script for November Change in Terms Fee Removal."

14       Plaintiffs are unable to discern from these descriptions, or from subsequent discussions
15  with Chase's counsel, whether in fact these documents are covered by the attorney/client and/or
16  work product privileges. Given that no attorney authored or received these documents, Plaintiffs
17  believe that Chase has improperly withheld many of these documents.  The parties are in
18  agreement that an *in camera* review of these documents is necessary to break the current logjam.
19       This Circuit has very narrowly construed the application of the attorney client privilege.
20  *Weil v. Investment/Indicators, Research & Mgmt., Inc.*, 647 F.2d 18, 24 (9th Cir. 1981)
21  ("[b]ecause it impedes full and free discovery of the truth, the attorney-client privilege is strictly
22  construed).  The party asserting the attorney-client or work-product privilege bears the burden of
23  demonstrating such assertion is warranted. *Id.* at 25.  Several factors, as outlined by *Wigmore on*

---

[1] The parties made a good faith effort to resolve this dispute through meet and confer, but were not able to do so.  Plaintiffs attempted to present this issue via a joint statement, and sent a proposed one-and-a-half page portion of a joint statement to Chase, but the parties were not able to accomplish a joint statement that was within the 5 page limit set forth in the Standing Order.

[2] Chase has produced a massive privilege log in this case, totaling several hundred pages and listing more than 8,000 withheld documents—roughly the same number of documents that Chase has actually produced to Plaintiffs in this case.   The number of documents at issue in this dispute is 2890.

*Evidence,* must be met: "(1) When legal advice of any kind is sought (2) from a professional legal adviser in his or her capacity as such, (3) the communications relating to that purpose, (4) made in confidence (5) by the client, (6) are, at the client's instance, permanently protected (7) from disclosure by the client or by the legal adviser (8) unless the protection be waived." *United States v. Martin,* 278 F.3d 988 (9th Cir. 2002).

The assertion of privilege must be specific and must be raised as to each document to allow the court to rule with specificity. *Clarke v. American Commerce Nat'l Bank*, 974 F.2d 127, 129 (9th Cir. 1992). Thus, blanket assertions of the attorney-client privilege are "extremely disfavored." *Id.*[3]

The parties agree that the best approach at this stage would be to arrange for the *in camera* review of a subset of the 2890 documents at issue. The Court's rulings on this subset will enable the parties to better evaluate which of the remaining documents should be produced. In its draft portion of a joint-statement, Chase suggested that such review be limited to just six documents. Plaintiffs do not believe this is sufficient, particularly if they are hand chosen by Chase. Plaintiffs respectfully propose a conference call with the Court and parties to determine an appropriate sample size and process for determining a random and representative sample of documents.

Respectfully submitted,

Dated: June 10, 2011

By: */s/ Roger N. Heller*
Elizabeth J. Cabraser
Michael W. Sobol
Roger N. Heller
**LIEFF, CABRASER, HEIMANN & BERNSTEIN, LLP**
275 Battery Street, 30th Floor
San Francisco, CA  94111-3336
Telephone:    (415) 956-1000
Facsimile:      (415) 956-1008

925751.1

---

[3] Chase has argued in its draft portion of a joint statement that Delaware law should apply to the analysis of whether its assertions of privilege are proper. Plaintiffs disagree; in any event, the analysis here will be largely the same whether California, Ninth Circuit, or Delaware law is applied.