STROOCK & STROOCK & LAVAN LLP
JULIA B. STRICKLAND (State Bar No. 083013)
STEPHEN J. NEWMAN (State Bar No. 181570)
DAVID W. MOON (State Bar No. 197711)
2029 Century Park East
Los Angeles, California 90067-3086
Telephone: 310-556-5800
Facsimile: 310-556-5959

Attorneys for Defendants
  CHASE BANK USA, N.A. and
  CHASE ISSUANCE TRUST

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re: Chase Bank USA, N.A. "Check Loan" Contract Litigation<br><br>THIS DOCUMENT RELATES TO ALL CASES | MDL No. 2032<br><br>Case No. 3:09-md-02032-MMC (JSC)<br><br>[Assigned to the Hon. Jacqueline Scott Corley<br><br>**DEFENDANTS' STATEMENT REGARDING DISCOVERY DISPUTE** |

LA 51419249

Defendants Chase Bank USA, N.A. and Chase Issuance Trust (together, "Chase"), respond to Plaintiffs' Statement of Discovery Dispute filed on June 10, 2011, and request leave to submit further briefing on the legal issues presented.

Plaintiffs' contention that federal law governs the present discovery dispute is incorrect. Because the present litigation falls within the Court's diversity jurisdiction,[1] Delaware law applies, and Delaware law provides substantially broader protection of attorney-client privilege material than is available in purely federal question cases. See Fed. R. Evid. 501; Home Indem. Co. v. Lane Powell Moss & Miller, 43 F.3d 1322, 1326 (9th Cir. 1995). The Conference Committee Report of the Congress that enacted Rule 501 recognized that "the federal courts are bound to apply the State's privilege law in actions founded upon a State-created right or defense."

Delaware Rule of Evidence 502(b) states in pertinent part:

> A client has a privilege to refuse to disclose . . . confidential communications made <u>for the purpose of facilitating the rendition of professional legal services</u> to the client (1) between the client or the client's representative and the client's lawyer or the lawyer's representative, (2) between the lawyer and the lawyer's representative, (3) by the client or the client's representative or the client's lawyer or a representative of the lawyer to a lawyer or a representative of a lawyer representing another in a matter of common interest, (4) <u>between representatives of the client or between the client and a representative of the client</u>, or (5) among lawyers and their representatives representing the same client.

(Emphasis supplied.) The Delaware Rule "is a departure from the federal cases . . . it is a departure from the efforts to narrow the lawyer-client privilege." Ramada Inns, Inc. v. Dow Jones & Co., 523 A.2d 968, 971 (Del. Super. Ct. 1986).

Thus, under Delaware law, communications among corporate employees, even communications in which attorneys do not participate, <u>are privileged</u> if the employees "were discussing information of a legal nature." 3Com Corp. v. Diamond II Holdings, Inc., No. 3933-VCN, 2010 Del. Ch. LEXIS 126 (Del. Ch. May 31, 2010);).[2] Plaintiffs offer no contrary authority.

---

[1] Only a Delaware common-law claim remains in the litigation. See Docket Nos. 70, 172.
[2] Accord Cephalon, Inc. v. Johns Hopkins Univ., No. 3505-VCP, 2009 Del. Ch. LEXIS 207, at *2 (Del. Ch. Dec. 4, 2009); see also McCook Metals LLC v. Alcoa, Inc., 192 F.R.D. 242, 254 (N.D. Ill. 2000); In re N.Y. Renu with Moistureloc Prod. Liab. Litig., No. 2:06-MN-77777-DCN, 2008 WL 2338552, at *10 (D.S.C. May 8, 2008); Santrade, LTD. v. Gen. Elec. Co., 150 F.R.D. 539, 545

LA 51419249

- 1 -

The challenged documents (mostly chains of emails), involved "information of a legal nature," they indicated that attorneys were involved in the chain of communication, they were intended to be confidential, and many were marked "attorney client privileged."[3] All relate to substantive legal advice provided by counsel, even if an attorney is not in the "To" or "From" line on each specific email in a chain. It is clear that they all reflect ongoing discussions of legal matters, and that attorneys were important to the overall discussions. Under Delaware law, this establishes privilege, because when read as a whole, it is clear that each chain of communication was "made (1) for the purpose of seeking, obtaining or delivering legal advice, (2) between privileged persons, and (3) that confidentiality was intended." Rembrandt Techs., LP v. Harris Corp., No. 07C-09-059-JRS, 2009 Del. Super. LEXIS 46, at *18 (Del. Ch. Feb. 12, 2009).

Plaintiffs identified six documents in their portion of a draft joint statement of discovery dispute. Chase consents to this Court's reviewing those six documents in camera, and Chase is confident that the Court will uphold Chase's assertion of privilege. The claim that these documents were "hand chosen by Chase" is false. Plaintiffs chose them for challenge based upon Chase's privilege log descriptions.[4] The argument for some complex "sampling" process lacks any support. Chase suggests that after the Court rules on the initial six documents, the parties meet and confer further to determine what further challenges, if any, remain in regard to items on the privilege log, and to determine whether additional judicial intervention may be necessary.

---

(E.D. N.C. 1993); AT&T Corp. v. Microsoft Corp., No. 02-0164 MHP (JL), 2003 U.S. Dist. LEXIS 8710, at *7-8 (N.D. Cal. Apr. 18, 2003).

[3] Moreover, to the extent employees were gathering information or otherwise assisting in-house or outside counsel with the pending litigation, the documents are independently protected under the work-product doctrine as "material obtained and prepared by an attorney or the attorney's agent in anticipation of litigation or preparation for trial." Kandel v. Brother Int'l Corp., 683 F. Supp. 2d 1076, 1083 (C.D. Cal. 2009); Fed. R. Civ. P. 26(b)(3). Application of the work-product doctrine is governed by federal law. Id. at 1083.

[4] Chase's privilege log comports with both Delaware and Ninth Circuit requirements. See Del. Super. Ct. R. 26(b)(5); In re Grand Jury Investig., 974 F. 2d 1068, 1071 (9th Cir. 1992). Chase individually logged each document, with entries for: date and time of the email; author, to, cc; what the document is (i.e., email, attachment); a description of each document's unique subject matter; and the specific privilege asserted.

LA 51419249 - 2 -

STROOCK & STROOCK & LAVAN LLP
2029 Century Park East
Los Angeles, California 90067-3086

|  |  |
|---|---|
| Dated: June 13, 2011 | Respectfully submitted,<br><br>STROOCK & STROOCK & LAVAN LLP<br><br>By: _____*/s/ Julia B. Strickland*_____<br>                Julia B. Strickland<br><br>Attorneys for Defendants |

LA 51419249

- 3 -