IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: CHASE BANK USA, N.A. "CHECK LOAN" CONTRACT LITIGATION, | MDL No. 2032<br>Case No. 3:09-md-2032 MMC (JSC)<br>**ORDER RE: DEPOSITION OF GORDON SMITH** |
| THIS DOCUMENT RELATES TO:<br>ALL CASES | |

This lawsuit challenges the decision of Chase Bank to raise the minimum monthly payment on certain credit card accounts. Now pending before the Court is the parties' Joint Statement filed October 21, 2011 regarding the deposition of Gordon Smith, the Chief Executive Officer of Chase Bank "Chase Card Services." Mr. Smith's deposition is currently scheduled for November 8, 2011. Chase contends that Plaintiffs should not be allowed to take Mr. Smith's deposition because he is an "apex deponent." Because the Court concludes that Mr. Smith likely has unique personal knowledge not duplicative of other witnesses the Court denies Chase's request to quash Mr. Smith's deposition.

## DISCUSSION

"A party seeking to prevent a deposition carries a heavy burden to show why discovery should not be denied, however, 'courts are sometimes willing to protect high level corporate officers from depositions when the officer has no first hand knowledge of the facts

of the case or where the officer's testimony would be repetitive." <u>Google, Inc. v. American Blind & Wallpaper Factory, Inc.</u>, 2006 WL 2578277 at *3 n.3 (N.D. Cal. Sep. 6, 2006) (internal quotation marks and citation omitted).  Accordingly, courts generally require a party to depose other lower level employees before permitting the deposition of the apex official to ensure that the deposition will not be merely duplicative.  <u>Id.</u>

      Chase contends that Mr. Smith's deposition will be duplicative of the day-long deposition testimony of William Wallace, who, according to Chase and Mr. Wallace himself, was the ultimate decision maker as to the changes in the credit card account.  Further, because Mr. Wallace merely reported to Mr. Smith, Chase argues that Mr. Smith does not have any unique personal knowledge and therefore Plaintiffs are merely attempting to harass Chase and Mr. Smith.  The Court disagrees.

      The emails submitted by Plaintiffs support an inference that Mr. Smith was directly involved in the decision to change the minimum payment on the accounts at issue and may have information unknown to Mr. Wallace and the other deponents or different recollections.  In other words, Plaintiffs have shown that Mr. Smith "has unique or special knowledge of the facts at issue and (2) other less burdensome avenues for obtaining the information sought have been exhausted." <u>WebSideStory, Inc. v. NetRatings, Inc.</u>, 2007 WL 1120567 at *2 (S.D. Cal. Apr. 6, 2007).

      Chase's reliance on <u>Celerity, Inc. v. Ultra Clean Holding, Incl</u>, 2007 WL 205067 (N.D. Jan. 25, 2007) is unavailing.  There the party seeking the deposition had not identified any unique personal knowledge of the executive and had not yet taken the depositions of other lower level employees.  <u>Id.</u> at *4; <u>see also</u> <u>Google, Inc.</u>, 2006 WL 2578277 at *3 n.3 ["[c]ourts generally refuse to allow the immediate deposition of a high level executive, often given the sobriquet 'apex deponenet," before the testimony of lower level employees with more intimate knowledge of the case has been secured").  Here, in contrast (and as emphasized by Chase), Plaintiffs have taken the depositions of other lower level employees involved in Chase card services.  The information Plaintiffs seek, however, is specific and

unique to Mr. Smith and his involvement in the decision to change the terms of the life of loan agreements.

## CONCLUSION

For the reasons explained above, Chase's motion to quash the deposition subpoena of Gordon Smith (Dkt. No. 195) is DENIED.

**IT IS SO ORDERED.**

Dated: November 3, 2011

JACQUELINE SCOTT CORLEY
United States Magistrate Judge