IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: CHASE BANK USA, N.A. "CHECK LOAN" CONTRACT LITIGATION<br><br>_____<br>THIS DOCUMENT RELATES TO:<br>    ALL CASES | MDL No. 2032<br><br>Case No.: 3:09-md-2032 MMC (JSC)<br><br>**ORDER RE: INADVERTENTLY PRODUCED DOCUMENTS (Dkt. No. 257)** |

Now pending before the Court is Chase's motion to compel Plaintiffs to return certain documents that Chase contends are attorney-client privileged and were inadvertently produced. (Dkt. No. 257.) After carefully considering the parties' Joint Statement and attached exhibits, the Court concludes that oral argument is unnecessary. See Civ. L. R. 7-1(b). Because the Court finds that Chase has failed to meet its burden under Federal Rule of Evidence 502(b)(3) of showing that it "promptly took reasonable steps" to rectify the disclosure, Chase's motion is DENIED.

**DISCUSSION**

At issue is a single PowerPoint presentation that Chase claims it inadvertently produced. (Dkt. No. 257, p. 2.) On February 2, 2010, Chase produced fully unredacted versions of the document that are stamped CHASE0000987-998 and CHASE0001001-012. (Id.) On February 2, 2010, Chase produced a third fully unredacted version that is stamped CHASE0034979-990. (Id.) Chase also allowed at least four of its witnesses to be questioned during their depositions about the document without objection. First, on September 23, 2010, Chase failed to object when its Senior Vice President, Mr. Thomas O'Donnell, was questioned about the specific phrase in the document that Chase claims constitutes privileged information. (Joint Statement Exs. H, I.) A year later, on October 12, 2011, Chase again failed to object when Plaintiffs questioned Chase executive William Wallace about the same phrase. (Id. Ex. J.) Chase also failed to object when Plaintiffs questioned Chase Senior Finance Director Rick Taglione about the phrase on November 30 and December 1, 2011. (Id. Ex. L.) Finally, on November 8, 2011, Gordon Smith, the CEO for Chase Card Service, was questioned about the same PowerPoint presentation. (Id. Ex. K.) Chase does not dispute that Plaintiffs questioned Chase's witnesses about the document without objection. (Id. Ex. A (January 27, 2012 letter from Chase to Plaintiffs stating that "Plaintiffs expressly questioned the witnesses about privileged material"). ) Further, on October 15, 2010, Plaintiffs submitted the document as an exhibit to their motion for class certification. (Dkt. No. 122.) Chase did not complain.

Chase first corresponded with Plaintiffs regarding its alleged inadvertent disclosure by letter dated January 27, 2012--more than 15 months after Chase was initially put on notice that it had produced the document. The Court finds that such a prolonged, unexplained delay does not constitute a prompt attempt at rectification under Rule 502(b)(3), especially since Chase failed to object to the use of the document at three subsequent depositions and in connection with the class certification proceedings. Compare Luna Gaming-San Diego, LLC v. Dorsey & Whitney, LLP, 2010 WL 275083 (S.D. Cal. Jan. 13, 2010) (failure to object to use of document during initial depositions meant that party did not promptly attempt to rectify

2

disclosure); with <u>Datel Holdings LTD v. Microsoft Corp.</u>, 2011 WL 866993 *5 (N.D. Cal. 2011) (finding that defendant took prompt steps toward rectification where counsel made privilege objection while deposition was still ongoing); <u>Njenga v. San Mateo County Superintendent of Schools</u>, 2010 WL 1261493 *17 n.2 (N.D. Cal. March 30, 2010) (holding that that the defendants took prompt and reasonable steps to rectify their error by sending a letter one week after the disclosure was discovered). Indeed, to hold otherwise under the undisputed facts of this case would render the requirement of Rule 502(b)(3) illusory.

As Chase waived any privilege with respect to the document by failing to promptly seek to rectify its production, Chase's motion is DENIED. Because Chase did not promptly "claw back" the document in question and has therefore waived any privilege, the Court need not also decide whether the multiple disclosures were inadvertent or whether the document was protected by the attorney-client privilege.

**IT IS SO ORDERED.**

Dated: April 3, 2012

_____
JACQUELINE SCOTT CORLEY
UNITED STATES MAGISTRATE JUDGE