IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re: CHASE BANK USA, N.A. "CHECK LOAN" CONTRACT LITIGATION | MDL No. 2032<br>Case No. 3:09-md-2032 MMC |
| THIS DOCUMENT RELATES TO:<br>   ALL CASES | **ORDER DENYING DEFENDANTS' MOTION TO TRANSFER VENUE; VACATING HEARING** |

Before the Court is defendant Chase Bank USA, N.A. and Chase Issuance Trust's (collectively, "Chase) "Motion to Transfer Venue to the United States District Court of Delaware Pursuant to 28 U.S.C. § 1404(a)," filed March 8, 2012. Plaintiffs have filed opposition, to which Chase has replied. Having read and considered the papers filed in support of and in opposition to the motion, the Court deems the matter appropriate for decision on the papers, VACATES the hearing scheduled for April 13, 2012, and rules as follows.

By the instant motion, Chase seeks an order transferring the above-titled multidistrict litigation to the District of Delaware. "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought . . . ." 28 U.S.C. § 1404(a). Here, because Chase resides in Delaware, each of the thirty civil cases comprising the instant

multidistrict ("MDL") could have been brought in the District of Delaware. See 28 U.S.C. § 1391(b)(1). Accordingly, the Court turns to the issues of convenience and the interests of justice. See, e.g., Decker Coal Co. v. Commonwealth Edison Co., 805 F.2d 834, 843 (9th Cir. 1986) (identifying non-exclusive list of factors).

In support of transfer, Chase points out that the decision to change the terms of the subject agreements was made by Chase managers and employees working in Delaware (see O'Donnell Decl. ¶ 7), that the majority of the Chase employees who have been deposed currently work in Delaware (see id. ¶ 8) and thus presumably reside in or near Delaware, and that plaintiffs' remaining claim is governed by Delaware law. In light of such showing, certain of the factors to be considered on a motion to transfer weigh in favor of transfer to Delaware. See, e.g., Jones v. GNC Franchising, Inc., 211 F. 3d 495, 498 (9th Cir.) (identifying "the location where the relevant agreements were negotiated" and "the state that is most familiar with the governing law" as factors bearing on question of transfer), cert. denied, 531 U.S. 928 (2000). Other such factors, however, strongly counsel against transfer.

First, in transferring the cases to the Northern District of California, the Judicial Panel for Multidistrict Litigation ("JPML") has determined said district to be the appropriate forum for purposes of pretrial proceedings, which proceedings are on-going,[1] and, in so determining, did not find persuasive the above-referenced arguments Chase makes before this Court. See In re Chase Bank USA, N.A. "Check Loan" Contract Litig., 629 F. Supp. 2d 1357 (J.P.M.L. 2009); (see also Munroe Decl. Ex. 1).[2]

Second, the instant action has been pending before the undersigned for three years, and is scheduled for trial in July 2012; transfer at this stage of the proceedings

---

[1] For example, a number of outstanding discovery disputes remain pending before the Magistrate Judge to which those matters have been referred.

[2] Although, to the extent the motion seeks a transfer forthwith, Chase fails to cite any authority holding a transferee court has the discretion to transfer an existing MDL action to another district to complete pretrial proceedings, the Court, given the absence of any authority cited to the contrary, finds it has such discretion.

would almost inevitably lead to a delay, and in all likelihood a significant delay, of the trial. See Moore v. Telfon Communications Corp., 589 F.2d 959, 968 (9th Cir. 1978) (identifying, as factor to be weighed, "the duration of the pendency of the litigation prior to the motion for transfer"); see, e.g., Allen v. Scribner, 812 F.2d 426, 436 (9th Cir. 1987) (holding where "transfer of [ ] case undoubtedly would have led to delay," motion to transfer properly denied "notwithstanding possible inconvenience to the witnesses"; finding "[district] court's familiarity with the case after three and one-half years counseled against a change of venue"); Commodity Futures Trading Comm'n v. Savage, 611 F.2d 270, 278-79 (9th Cir. 1980) (affirming denial of motion to transfer securities fraud action to Illinois, where, even though all challenged securities trading occurred in Illinois, "district court was familiar with the case and transfer may have led to delay").

Third, although plaintiffs' choice of forum is not determinative, plaintiffs' choice of the instant forum is entitled to some deference. See Jones, 211 F.3d at 499 (identifying plaintiff's choice of forum as factor).[3] Fourth, Chase has not identified any non-party who it intends to call as a trial witness, nor identified any non-party who plaintiffs intend to call, much less shown that, if any such witness exists, it would inconvenient for such witness to testify in this district. See In re Ferrero Litig., 768 F. Supp. 2d 1074, 1080 (S.D. Cal. 2011) (observing "courts frequently state that the convenience of third party witnesses is more important than that of party witnesses").[4]

In sum, Chase has failed to show the relevant factors weigh in favor of a transfer of the instant MDL to the District of Delaware, and, accordingly, the motion will be denied.

//

---

[3] The case in which the plaintiffs agreed the class would be certified, Moore v. Chase, C 09-348 MMC, was filed in this district. The Court further notes that none of the actions transferred to this district by the JPML was filed in Delaware.

[4] According to plaintiffs, they have disclosed four experts, two located in this district and two in the District of Columbia, and Chase has disclosed three experts, one located in Los Angeles, one in Florida, and one in Massachusetts. (See Munroe Decl. ¶ 4, 5.) To the extent the convenience of expert witnesses constitutes a relevant factor, such factor, in this instance, weighs neither in favor of nor against transfer, given the various states in which such witnesses are located.

**CONCLUSION**

For the reasons stated above, the motion to transfer is hereby DENIED.

**IT IS SO ORDERED.**

Dated: April 11, 2012

MAXINE M. CHESNEY
United States District Judge