IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: CHASE BANK USA, N.A. "CHECK LOAN" CONTRACT LITIGATION<br><br>─────────────────────────────<br>THIS DOCUMENT RELATES TO:<br>   ALL CASES | MDL No. 2032<br><br>Case No.: 3:09-md-2032 MMC (JSC)<br><br>**ORDER RE: JOINT STATEMENT REGARDING DISCOVERY DISPUTE (Dkt. No. 301)** |

Pending before the Court is a discovery dispute regarding the timing of Chase's production of customer complaint records. (Dkt. No. 301). The Court previously found that customer complaint records regarding the two change in terms at issue were properly discoverable. (Dkt. No. 267). Chase represented that it had identified 175,000 pieces of correspondence which were potentially responsive customer complaints. Although the parties were ordered to meet and confer regarding a schedule for production of the complaint records, they have been unable to reach an agreement and the underlying joint statement

followed.  Having reviewed the parties' filing, the Court concludes that oral argument is unnecessary, see L.R. 7-1(b), and DENIES Plaintiff's request.

Plaintiff propounded the discovery request seeking production of these complaints in November 2011 and moved to compel their production on March 30, 2012.  Although Chase initially indicated that it expected to produce the complaints by May 15, 2012, Chase has since indicated that cannot commit to producing all of the complaints until June 15, 2012 because it intends to review the 175,000 identified pages of documents to: (1) to determine which items relate to the change in terms, and (2) redact the class member personal information from the relevant records.  Plaintiffs contend that Chase's proposed production deadline will not provide Plaintiffs sufficient time to prepare for the July 12, 2012 trial date. Plaintiffs instead request that the Court order Chase to produce the complaints by May 16, 2012.

Given the volume of documents at issue and the fact that Plaintiffs waited until the end of March to move to compel production of the complaints, the Court finds that Chase's estimated timeframe for producing the documents is reasonable.   However, Chase shall provide Plaintiffs with copies on the complaints on a rolling basis as it completes review of the documents.  The production shall be completed on or before June 15, 2012.

This Order disposes of Docket No. 301.

**IT IS SO ORDERED.**

Dated: April 27, 2012

_Jacqueline S. Corley_
JACQUELINE SCOTT CORLEY
UNITED STATES MAGISTRATE JUDGE