IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: CHASE BANK USA, N.A. "CHECK LOAN" CONTRACT LITIGATION<br><br>_____<br>THIS DOCUMENT RELATES TO:<br>    ALL CASES | MDL No. 2032<br><br>Case No.: 3:09-md-2032 MMC (JSC)<br><br>**ORDER RE: ADMINISTRATIVE MOTIONS TO FILE UNDER SEAL (Dkt. Nos. 270, 287 & 288)** |

    The parties in this action have sought to file numerous discovery disputes under seal in whole or in part; however, the parties have not consistently complied with General Order 62 and Local Rule 79-5(c). This Order addresses two pending motions to file discovery disputes under seal and sets forth procedures with respect to any subsequent motions to file under seal.

    On April 6, 2012, the parties filed an administrative motion to file a joint statement regarding a discovery dispute (Dkt. No. 269) under seal. (Dkt. No. 270). On April 16, 2012, the Court granted the motion to file under seal and ordered Defendant to **e-file the under**

1 **seal document in accordance with General Order 62(5)** on or before April 20, 2012.
2 (Dkt. No. 292).  On April 20, 2012, Defendant e-filed the **same redacted** joint statement that
3 it previously filed on April 6, rather than e-filing the under seal joint statement as the Court
4 had ordered.  Compare Dkt. No. 269 with Dkt. No. 296.  The Court cannot issue an order on
5 the discovery dispute until Defendant complies with the Court's April 16 Order and General
6 Order 62(5).
7      In addition, on April 13, 2012, the parties filed three administrative motions to file
8 under seal.  (Dkt. Nos. 286, 287 & 288).  Docket No. 286 relates to a motion to file under
9 seal portions of Plaintiffs' motion for partial summary judgment.  Docket No. 287 indicates
10 that it is an administrative motion to file under seal a statement regarding discovery disputes
11 and states that the joint statement was lodged under seal "to give Defendant an opportunity
12 to submit (1) a declaration establishing that the pleadings are sealable and (2) a narrowly
13 tailored proposed sealing order." (Dkt. No. 287, p. 1.).   Notably, the parties did not
14 simultaneously electronically file a redacted version of the joint statement in accordance with
15 Local Rule 79-5(c).  Docket No. 288 is simply titled Administrative Motion to File Under
16 Seal.  In response to this Court's order directing Defendant to file the declaration referenced
17 in Docket No. 287, Defendant filed a Notice Regarding Filing of Administrative Motion to
18 Seal (Dkt. No. 304) which refers the Court to Docket No. 288 as the basis for the motion to
19 file the joint statement referenced in Docket No. 287 under seal.  The administrative motion
20 to file under seal docketed at Docket No. 288 rather confusingly seeks to set forth the basis
21 for filing three separate pleadings (including the joint statement) and the exhibits thereto
22 under seal.
23      Given the numerous problems presented by these and other under seal filings the
24 parties shall re-familiarize themselves with the requirements of Local Rule 79-5 and General
25 Order 62.  In particular, for any discovery disputes that the parties seek to file under seal in
26 whole or in part the parties shall do the following: (1) **simultaneously** electronically file a
27 redacted version of the joint statement and the motion to file the joint statement and any
28 exhibits thereto under seal; (2) **simultaneously** submit an unredacted chambers copy of the

joint statement and any exhibits, as well as a copy to be lodged with the Clerk's Office; (3) **simultaneously** file a declaration in accordance with Local Rule 79-5 establishing that the document(s) is sealable; (4) any opposition to the request for sealing must be filed within **three calendar days**; if no opposition is filed, the motion will be deemed unopposed; and (5) if the Court issues an order granting the motion to file under seal in whole or in part the proponent of the sealing order shall **electronically file under seal** the joint statement within three calendar days, but shall **not** submit any additional paper copies of the joint statement or exhibits thereto unless ordered to do so.

On or before May 2, 2012, Defendant shall **electronically file under seal** an unredacted version the joint statement docketed as Docket Nos. 269 and 296 in accordance with this Court's April 16, 2012 Order.

On or before May 2, 2012, Defendant shall **electronically file a redacted version** of the joint statement docketed at Docket Nos. 287.

**IT IS SO ORDERED.**

Dated: April 30, 2012

_____
JACQUELINE SCOTT CORLEY
UNITED STATES MAGISTRATE JUDGE