IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: CHASE BANK USA, N.A. "CHECK LOAN" CONTRACT LITIGATION<br><br>_____<br>THIS DOCUMENT RELATES TO:<br>    ALL CASES | MDL No. 2032<br><br>Case No.: 3:09-md-2032 MMC (JSC)<br><br>**ORDER RE: JOINT STATEMENT REGARDING DISCOVERY DISPUTE (Dkt. Nos. 269 & 314)** |

      Pending before the Court is a discovery dispute regarding a one-page document bearing Bates No. CHASE0051406. (Dkt. Nos. 269 & 314). Chase alleges that the document was inadvertently produced to Plaintiffs and seeks an order from the Court finding that: (1) the document is protected by attorney-client privilege and work-product doctrine, and (2) compelling Plaintiffs to return the document to Chase and destroy all copies. Having reviewed the parties' filing, the Court concludes that oral argument is unnecessary, see L.R. 7-1(b), and finds that the document is privileged and therefore GRANTS Chase's request as set forth below.

The document at issue was produced by Chase during discovery and was introduced by Plaintiffs as part of an exhibit during the deposition of Chase's Chief Financial Officer, Raymond Fisher. The document was discussed during Mr. Fisher's deposition; however, before the deposition concluded, Chase asserted that the document was privileged and had been produced inadvertently. The document itself is an email sent by Chase's General Counsel, Stephen Cutler, to Mr. Fisher, Gordon Smith, William Wallace, Jon Rasumssen and two in-house attorneys, Jill Centella and Robert Birnbaum, two months after this lawsuit was filed. Chase had also produced another version of the email chain in which the email at issue was redacted and identified on Chase's privilege log.

The Court has reviewed the document and finds that it falls within the attorney-client privilege. The Court discussed the attorney-client privilege at length in its July 28, 2011 Order. (Dkt. No. 188). Here, Mr. Cutler, as counsel, was describing a conversation he had with a government agency attorney and thus necessarily providing his impressions and opinions while doing so; such a communication is the essence of the attorney-client privilege. See 3Com Corp. v. Diamond II Holdings, Inc., 2010 WL 2280734, at *6 (Del. Ch. 2010) ("internal communications between a company's officers and directors and its general counsel may be privileged depending upon whether the communications are legal or business in nature"). Further, an attorney facilitates the rendition of professional legal services when the attorney conveys to a client the substance of a conversation the attorney had with a government lawyer. Plaintiffs do not cite any precedent, and the Court is aware of none, that would require the Court to carve out from the attorney-client privilege that portion of the conversation in which the attorney shares his recollection of the substance of the communication. Having found that the document is protected as attorney-client privilege, the Court does not reach whether it is also protected by work-product privilege.

Plaintiffs argue that even if the communication was privileged, Chase waived the privilege by delaying its assertion of the claim of privilege or because the "at issue" exception applies. The Court finds that neither ground for waiver applies. First, Chase timely asserted the claim of privilege during the course of the deposition when it became

1  aware of the inadvertent disclosure of the document.  See Fed. R. Evid. 502(b0(3); see also
2  Datel Holdings Ltd. V. Microsoft Corp., No. 09-5535, 2011 WL 866993, at *5 (N.D. Cal.
3  Mar. 11, 2011) (finding that asserting the privilege several hours after document was
4  disclosed during deposition, but while deposition was still ongoing, constituted promptly
5  rectifying the disclosure within the meaning of Rule of Evidence 502(b)(3)).  Further,
6  Plaintiffs do not dispute, and the Court finds, that the disclosure was inadvertent and that
7  Chase had taken reasonable steps to prevent disclosure.  See Fed. R. Evid. 502(b)(1)(2).

8        Second, the Court finds that Plaintiffs have not met their burden of demonstrating that
9  the "at issue" exception applies.  The "at-issue" exception applies where either "(1) a party
10 injects the privileged communications themselves into the litigation, or (2) a party injects an
11 issue into the litigation, the truthful resolution of which requires an examination of
12 confidential communications."  In re William Lyon Homes S'holder Litig., No. 2015-VCN,
13 2008 WL 3522437,  at *3 (Del. Ch. Aug. 8, 2008).   Plaintiffs contend that the document
14 rebuts Chase's position that the Alternative Offer was developed to help class members who
15 were unable to make their increased monthly minimum payment.  Although the document
16 references the Alternative Offer, the substance of the email is not as material to Chase's
17 purported motives for developing the Alternative Offer as Plaintiffs suggest.  Indeed,
18 "although an examination of the . . . Defendants' communications [regarding this matter] . . .
19 [may] be helpful in resolving that question, access to such communications cannot be said to
20 be 'required' in order to achieve a 'truthful resolution' of the factor(s) motivating them to
21 [make] their offer."  Id. at *4.  This is especially true given that Plaintiffs could (and did)
22 examine Mr. Cutler about his conversation with the OCC attorney and Plaintiffs could
23 examine the OCC attorney herself about the conversation.  Plaintiffs have not explained why
24 the *email* reflecting Mr. Cutler's conveyance of the conversation to his client is so material
25 as to overcome the attorney-client privilege.  See id.  Accordingly, Plaintiffs have not
26 demonstrated that the "at-issue" exception applies.

Based on the foregoing, the Court finds that document Bates No. CHASE0051406 is protected by attorney-client privilege.  Plaintiffs shall return the document to Chase and destroy all copies.

This order disposes of Dkt. Nos. 269 and 314.

**IT IS SO ORDERED.**

Dated: May 3, 2012

_____
JACQUELINE SCOTT CORLEY
UNITED STATES MAGISTRATE JUDGE