United States District Court
Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE CHASE BANK USA, N.A. "CHECK LOAN" CONTRACT LITIGATION<br><br>THIS DOCUMENT RELATES TO:<br>ALL CASES | MDL No. 2032<br><br>Case No.: 3:09-md-2032 MMC (JSC)<br><br>**ORDER RE: JOINT STATEMENT REGARDING DISCOVERY DISPUTE [RELEVANCE REDACTIONS] (Dkt. Nos. 316, 322)** |

Now pending before the Court is a discovery dispute regarding Defendant's redaction of various documents on relevance grounds. (Dkt. No. 316 & 322). After carefully considering the written submissions and evidence presented by the parties, and for the reasons set forth in open court on February 15, 2012, the Court GRANTS Plaintiffs' request.

On February 15, 2012, the Court heard argument regarding several discovery disputes including Plaintiffs' challenge to numerous redactions Defendant had made to documents based on relevance. Following the hearing, the Court issued an order noting in relevant part:

> Defendant shall review its redactions made on relevance grounds in light of the guidance given by the Court at oral argument. Upon review, Defendant shall reproduce any documents to which it has removed some or all of the relevance redactions. *If Defendant maintains that some of the redactions are still*

> *appropriate and necessary, **the parties must meet and confer in person to review each document and the redactions**.*

(Dkt. No. 233, p. 2) (emphasis added) (internal citation omitted).  According to the joint statement pending before the Court, the parties have been unable to resolve this dispute and Defendant has maintained all of its original redactions.  Plaintiffs therefore request that the Court order Defendant to produce the documents in unredacted form.

Defendant contends that it has complied with the Court's order because "Chase re-examined many of the documents that it redacted for relevance," but upon review Chase "determined that many of the redactions made were appropriate because the underlying information involved highly competitively sensitive, confidential business analysis." (Dkt. No XX, p. 5.)  Defendant further notes that the parties "met and conferred in person . . . on March 9, 2012" at which time "Chase described generally the type of information redacted in certain sample documents." (Dkt. No. XX, p. 5.)

Defendant has not complied with the Court's order.  The Court ordered Defendant to go back and review *each* of the relevance redactions, and to the extent Defendant maintained that some redactions were appropriate and necessary the parties were to "meet and confer in person to review *each* [contested] document and the redactions." (Dkt. No. 233, p. 2) (emphasis added).  Although Defendant had more than enough time to do so, Defendant did neither.[1]

As the Court previously noted, redactions based on relevance are only appropriate in certain limited circumstances for highly confidential, sensitive information.  See Beverage Distributors, Inc. v. Miller, Brewing Co., 2010 WL 1727640, at *4-5 (S.D. Ohio Apr 28, 2010).  Given Defendant's failure to 1) limit its relevance redactions to highly confidential, sensitive information, and 2) meet and confer with Plaintiffs to review each document and the proposed relevance redactions individually, the Court finds that the documents should be produced in their entirety without any redactions based on relevance.  Defendant shall

---

[1] That Defendant has refrained from redacting headings, agendas, or introductions in documents that it produced *subsequent* to the Court's February 16 order, does not relieve Defendant of its obligation to review the documents *previously* produced.

reproduce the documents to Plaintiffs in their unredacted form pursuant to the stipulated protective order within 10 days of the date of this Order.

This Order disposes of Docket Nos. 316 and 322.

**IT IS SO ORDERED.**

Dated: May 7, 2012

_____
JACQUELINE SCOTT CORLEY
UNITED STATES MAGISTRATE JUDGE