1
2
3
4
5
6
7
8                              UNITED STATES DISTRICT COURT
9                              NORTHERN DISTRICT OF CALIFORNIA
10

| In Re: Chase Bank USA, N.A. "Check Loan" Contract Litigation | MDL No. 2032 |
|---|---|
| | Case No. 3:09-md-02032 MMC (JSC) |
| THIS DOCUMENT APPLIES TO ALL ACTIONS | **[PROPOSED] ORDER GRANTING PRELIMINARY APPROVAL OF CLASS SETTLEMENT** |

The Parties have entered into a Class Settlement Agreement and Release, dated July 20, 2012 ("Settlement") which, if approved, would resolve this certified class action. Plaintiffs have filed a motion for preliminary approval of the Settlement. Upon review and consideration of the motion papers and the Settlement and all exhibits thereto, including the proposed forms of notice to the Class, the Court finds that there is sufficient basis for: (1) granting preliminary approval of the Settlement; (2) approving the Parties' proposed Notice Program and forms of notice attached hereto and directing that notice be disseminated to the Class pursuant to the Notice Program provided in the Settlement; (3) appointing a Settlement Administrator and Payment Advisor to conduct the respective duties set forth for those positions in the Settlement, and (4) setting a hearing (the "Fairness Hearing"), at which the Court will consider: (a) whether to grant final approval of the Settlement; and (b) whether to approve Class Counsel's application for attorneys' fees, costs, expenses, and service awards (the "Fee Application").

IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT:

1. Capitalized terms not otherwise defined herein shall have the same meaning as set forth in the Settlement.

2. The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332, and venue is proper in this District, pursuant to the Transfer Order from the United States Judicial Panel on Multidistrict Litigation (Dkt. No. 1).

3. Pursuant to this Court's order dated May 13, 2011 (Dkt. No. 172), the certified Class in this matter is defined as follows: "All persons or entities in the United States who entered into a loan agreement with Chase, whereby Chase promised a fixed APR until the loan balance was paid in full, and (i) whose minimum monthly payment was increased by Chase to 5% of the outstanding balance, or (ii) who were notified by Chase of a minimum monthly payment increase and subsequently closed their account or agreed to an alternative change in terms offered by Chase." Persons within the Class definition who submitted timely and valid requests for exclusion pursuant to the previously-disseminated Notice of Pendency (*see* Dkt. No. 194, Ex. A), as determined by the records of the Settlement Administrator, are excluded from the Class.

4.	The Court preliminarily approves the proposed Settlement as fair, reasonable and adequate, entered into in good faith, free of collusion, and within the range of possible judicial approval.

5.	The Court approves the Notice Program set forth in the Settlement and the forms of notice attached hereto as Attachment A and Attachment B.  The Court finds that the Notice Program, including the forms of notice attached hereto, constitutes the best notice practicable under the circumstances, constitutes valid, due, and sufficient notice to the Class in full compliance with the requirements of applicable law, including Federal Rule of Civil Procedure 23 and the Due Process Clause of the United States Constitution, and is the only notice to the Class of the Settlement that is required.

6.	The Court appoints The Garden City Group, Inc. ("GCG") to serve as the Settlement Administrator, and directs GCG to carry out all duties and responsibilities of the Settlement Administrator specified in the Settlement.

7.	The Court appoints Litinomics, Inc. ("Litinomics") to serve as Payment Advisor and directs Litinomics to carry out all duties and responsibilities of the Payment Advisor specified in the Settlement.

8.	All costs of disseminating notice to the Class of the Settlement and other Administrative Costs, as defined in the Settlement, shall be approved by Class Counsel.  All approved Administrative Costs shall be paid from the Settlement Fund.

9.	The Settlement Administrator shall create an updated mailing list that includes the names and mailing addresses of all Class Members.  Using the most updated mailing addresses used for disseminating the Notice of Pendency, as updated by Class Members in response thereto and as supplemented by data provided by Chase with respect to the Additional Accounts, the Settlement Administrator shall use the NCOA to further update the mailing list.  No later than August 24, 2012, GCG shall: (i) mail (via first-class mail, postage pre-paid) notice in the form attached hereto as Attachment A ("Settlement Notice A") to all Class Members previously sent the Notice of Pendency (according to the records of GCG), except for Incomplete Opt-Outs, and (ii) mail (via first-class mail, postage pre-paid) notice in the form attached hereto as Attachment B ("Settlement Notice B") to those

Persons with Additional Accounts (as defined in the Settlement) who were inadvertently not sent the Notice of Pendency (according to the records of GCG) and Incomplete Opt-Outs. For each notice that is returned with forwarding address information, GCG shall re-mail the applicable settlement notice once to the new address provided.

10. GCG shall continue to maintain a case website, located at the web address www.chaseminpaymentlawsuit.com, which by the time of the mailing of the settlement notices shall include links to the following documents from the case: the Master Complaint, Chase's answer thereto, the Court's order granting in part and denying in part Chase's motion to dismiss Plaintiffs' claims, the Court's order granting class certification, the Settlement, and the Preliminary Approval Order. Upon request, GCG shall provide Class Members additional copies of the appropriate settlement notice.

11. Only Persons with Additional Accounts who were not sent the Notice of Pendency (according to the records of the Settlement Administrator) and Incomplete Opt-Outs may request exclusion from the Class by submitting a timely request for exclusion to GCG, pursuant to the instructions set forth in Settlement Notice B. The deadline for such Persons to request exclusion shall be October 5, 2012. No Class Member or any other Person shall have the right to request exclusion on behalf of any other Class Member. No group or mass-produced requests for exclusion shall be considered valid.

12. Before the Fairness Hearing, GCG shall file with the Court a declaration confirming that the Notice Program has been implemented, and setting forth a complete list of all Persons who submitted timely and valid requests for exclusion from the Class.

13. With respect to Class Members previously sent the Notice of Pendency but who did not attempt to request exclusion in response thereto, the Court finds that they have already been provided with an opportunity to exclude themselves from the Class, and that a second opportunity is not necessary or required under Federal Rule of Civil Procedure 23(e)(4) and the circumstances of this case. The Notice of Pendency provided adequate information to Class Members about their rights and the claims in this class action. Moreover, the Notice of Pendency informed Class Members that they would be bound by any judgments that the Court makes in this case if they did not exclude themselves from the Class at that time.

14. The Court directs that the Fairness Hearing be scheduled for November 16, 2012, at 9:00 a.m. to assist the Court in determining whether the Settlement should be finally approved as fair, reasonable and adequate to the Class; whether Final Judgment should be entered dismissing with prejudice this Action and those Related Actions coordinated in MDL 2032; and whether Class Counsel's Fee Application should be approved.

15. The Parties shall file any motions in support of final approval of the Settlement by no later than September 7, 2012. Class Counsel shall file their Fee Application by no later than September 7, 2012. After it is filed, Class Counsel's Fee Application shall be posted on the case website maintained by GCG.

16. Any Class Member who does not timely and validly exclude themselves from the Class may object to, or comment on, the Settlement, Class Counsel's Fee Application, or any application for service awards for the Class Representatives and/or Related Action Plaintiffs. The Court will only consider objections that are timely and valid. To be considered, an objection must be in writing and be signed by the Class Member making the objection; must be mailed to each of the Settlement Administrator, Class Counsel and Chase's Counsel, postmarked no later than October 5, 2012, at the addresses provided in the settlement notices; and must include the following: (i) the name of this action; (ii) the objecting Class Member's full name, address, telephone number, and signature (an attorney's signature is not sufficient); (iii) a statement that the objector is a Class Member and an explanation of the basis upon which the objector claims to be a Class Member; (iv) all grounds for the objection, accompanied by any legal support known to the objector or his or her counsel; (v) the identity of all counsel who represent the objector, including any former or current counsel who may be entitled to compensation for any reason related to the objection; (vi) a statement confirming whether the objector intends to personally appear and/or testify at the Fairness Hearing; (vii) the identity of all counsel representing the objector who will appear at the Fairness Hearing, if any; (viii) a list of all persons who will be called to testify at the Fairness Hearing in support of the objection; and (ix) the number of times in which the objector has objected to a class action settlement within the five years preceding the date that the objector files the objection and the caption of each case in which such objection was made. No later than October 15, 2012, the Settlement Administrator shall provide to the

Court copies of all objections. Any Class Member who does not submit a timely and valid objection shall be deemed to have waived all objections and shall forever be foreclosed from making any objection to the fairness, adequacy, or reasonableness of the Settlement and any Order and Final Judgment entered approving it, Class Counsel's Fee Application, or any application for service awards for the Class Representatives or Related Action Plaintiffs.

17. The Parties may file any papers in connection with any Class Member objections, and any reply or other papers in support of final approval of the Settlement or Class Counsels' Fee Application, by no later than November 2, 2012.

18. The Court reserves the right to modify the date of the Fairness Hearing and related deadlines set forth herein. In that event, the revised Fairness Hearing date and any revised deadlines shall be posted on the case website referred to in the settlement notices, and the Parties shall not be required to re-send or otherwise publish any new class notice.

19. Pending a final determination of whether the Settlement should be approved, all Class Representatives, Class Members, and any Person allegedly acting for or on their behalf, or seeking benefits for the Class, either directly, representatively or in any other capacity, are preliminarily enjoined from commencing, prosecuting, pursuing, or continuing against the Released Parties any action, suit, demand, or proceeding in any court, tribunal, or other forum asserting any of the Released Claims, including but not limited to in this Action or any of the Related Actions.

20. Pending a final determination of whether the Settlement should be approved, all proceedings in this Action and all Related Actions, except as may be necessary to implement the Settlement or comply with the terms of the Settlement, are hereby stayed.

//
//
//
//
//
//
//

21. The following chart summarizes the dates and deadlines set by this Order:

| | |
|---|---|
| Last day to mail settlement notices to the Class: | **August 24, 2012** |
| Last day for Plaintiffs to file motion(s) in support of final approval of the Settlement, and for Class Counsel to file their Fee Application: | **September 7, 2012** |
| Last day for all Class Members to postmark comments and objections to the settlement or Fee Application: | **October 5, 2012** |
| Last day for Class Members with Additional Accounts and Incomplete Opt-Outs to postmark or email opt-out requests: | **October 5, 2012** |
| Last day for the Parties to file any additional papers in support of final approval of the Settlement, responses to objections, and any replies in support of Class Counsel's Fee Application: | **November 2, 2012** |
| Fairness Hearing: | **November 16, 2012** |

IT IS SO ORDERED.

Dated:   August 9, 2012



MAXINE M. CHESNEY
United States District Judge