UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In Re: Chase Bank USA, N.A. "Check Loan" Contract Litigation<br><br>THIS DOCUMENT APPLIES TO ALL ACTIONS | MDL No. 2032<br><br>Case No. 3:09-md-02032 MMC (JSC)<br><br>[PROPOSED] FINAL APPROVAL ORDER AND JUDGMENT |

This matter came before the Court for hearing pursuant to the Court's Preliminary Approval Order dated August 9, 2012, and on the motion for and papers in support of final approval of the proposed Class Settlement Agreement and Release, dated July 20, 2012 (the "Settlement"). Due and adequate notice having been given to the Class of the proposed Settlement, as required by the Preliminary Approval Order, and upon consideration of all papers filed and proceedings had herein, IT IS HEREBY ORDERED, ADJUDGED AND DECREED:

1. Capitalized terms not otherwise defined herein shall have the same meaning as set forth in the Settlement.

2. The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332, and venue is proper in this District, pursuant to the Transfer Order from the United States Judicial Panel on Multidistrict Litigation (Document No. 1).

3. The "Class" and "Class Member(s)" for purposes of this Order means the class certified by the Court in its May 13, 2011 order as follows:

> All persons or entities in the United States who entered into a loan agreement with Chase, whereby Chase promised a fixed APR until the loan balance was paid in full, and (i) whose minimum monthly payment was increased by Chase to 5% of the outstanding balance, or (ii) who were notified by Chase of a minimum payment increase and subsequently closed their account or agreed to an alternative change in terms offered by Chase.

Excluded from the Class are: (a) those Persons listed in Schedule 1, attached hereto ("Valid Opt-Outs"); and (b) any Persons within the Class definition certified by the Court who, according to the Settlement Administrator's records, were not sent the Notice of Pendency and were not sent Settlement Notice B pursuant to Section 5.3 of the Settlement. Valid Opt-Outs and other Persons excluded from the Class, as set forth in this paragraph, are not Class Members as that term is defined and used herein, and shall not be bound by this Final Approval Order or any release provided herein.

4. The Court holds that the notice provisions set forth under the Class Action Fairness Act, 28 U.S.C. § 1715, were complied with in this case.

5. The Court reiterates that this Action is properly maintained as a class action pursuant to Federal Rule of Civil Procedure 23, and that the Class Representatives and Class Counsel fairly and adequately represent the interests of the Class Members.

6. The Court finds that the Notice Program provided for in the Settlement, and previously approved and directed by the Court, has been implemented by the Settlement Administrator and the Parties, and that such Notice Program, including the approved forms of notice, constitutesthe best notice practicable under the circumstances and fully satisfied due process,the requirements of Rule 23 of the Federal Rules of Civil Procedure, and all other applicable laws.

7. The Court finds that the Settlement, including the exhibits thereto, is fair, reasonable, and adequate to the Class Members, is in the best interests of the Class Members, has been entered into in good faith, and should be and hereby is fully and finally approved pursuant to Federal Rule of Civil Procedure 23.  The Settlement represents a fair resolution of all claims asserted on behalf of the Class Representatives and the Class Members, and fully and finally resolves all such claims.  Chase and each Class Member shall be bound by the Settlement, including the releases contained therein, and the Parties, the Settlement Administrator, and the Payment Advisor are hereby directed to implement the Settlement in accordance with the terms and provisions thereof.

8. The Court has considered and hereby overrules all objections to the Settlement.  After consideration of all relevant  factors, *see, e.g., Churchill Vill., L.L.C. v. Gen. Elec.*, 361 F.3d 566, 575 (9th Cir. 2004), including, *inter alia*, the strength of Plaintiffs' case; the risk, expense, complexity, and likely duration of further litigation; the risk of maintaining class action status throughout trial; the monetary and other relief provided for in the Settlement; the extent of discovery completed, and the stage of the proceedings; the experience and views of Class Counsel and the mediator; and the reaction of the Class Members to the proposed Settlement (including the objections and comments submitted by Class Members), the Court finds that the Settlement is not the product of fraud or overreaching by, or collusion between, the negotiating parties, and taken as a whole is fair, reasonable and adequate to all concerned.

9. The Court finds the attorneys' fees and expenses requested are fair and reasonable, given the results achieved, the complexities of the case and skill required of counsel, the contingent nature of the fee, and the reaction of the Class.  The Court further finds the requested service awards are fair and reasonable, given the time and effort expended by the recipients on behalf of the Class.  Accordingly, Class Counsel is hereby awarded attorneys' fees in the amount of $25,000,000 and reimbursement of

1  common expenses in the amount of $1,194,415.20, such amounts to be paid from the common
2  Settlement Fund and distributed pursuant to section 8 of the Settlement.  The Class Representatives are
3  hereby awarded service awards of $7500 each, and the Related Action Plaintiffs are awarded service
4  awards of $1000 each, such amounts to be paid from the common Settlement Fund.

5       10.     As of the Effective Date of the Settlement, each Class Representative and each Class
6  Member, and their respective heirs, executors, administrators, representatives, agents, attorneys,
7  partners, successors, predecessors-in-interest, assigns and all persons acting for or on their behalf, shall
8  be deemed to have, and by operation of this Final Approval Order shall have, fully, finally and forever
9  released the Released Parties from all Released Claims, as more fully set forth in the Settlement.  The
10 Class Representatives, on their own behalf and on behalf of all Class Members, covenant and agree that
11 the Class Members shall not hereafter be permitted to seek to establish (or permit another to act for
12 them in a representative capacity to seek to establish) liability against any Released Party for any
13 Released Claim.

14      11.     Chase shall not sue the Class Representatives, Class Counsel, or the Related Action
15 Plaintiffs or their counsel for malicious prosecution or abuse of process based on the filing of this
16 Action or the Related Actions.

17      12.     This Final Approval Order, the Preliminary Approval Order, the Settlement, and any act
18 performed or document executed pursuant to or in furtherance thereof:

19      a.     Shall not be offered or received against the Released Parties as evidence of, or be
20 construed as or deemed to be evidence of, any admission or concession by the Released Parties as to (i)
21 the truth or relevance of any fact alleged in this Action or any of the Related Actions, (ii) the validity of
22 any claim that has been or could have been asserted in the Master Class Action Complaint or in any
23 other action or proceeding, including but not limited to this Action or the Related Actions, or (iii) any
24 liability, negligence, fault, or wrongdoing of the Released Parties;

25      b.     Shall not be offered as or received against any of the Released Parties as
26 evidence of, or construed as or deemed to be evidence of, any admission or concession of any liability,
27 negligence, fault or wrongdoing, or in any way referred to for any other reason as against any of the
28 Parties to the Settlement, in any other civil, criminal or administrative action or proceeding, other than

such proceedings as may be necessary to effectuate the provisions of the Settlement, except that the Released Parties may refer to it to effectuate the releases and other protections granted them under the Settlement;

        c.     Shall not be deemed an admission by Chase or any of the Released Parties that they are subject to the jurisdiction of any court; and

        d.     Shall not be construed against Chase or any of the Released Parties as an admission or concession that the consideration to be given under the Settlement represents the amount which could be or would have been recovered after trial.

      13.     The Released Parties may file the Settlement and this Final Approval Order in any action that may be brought against them in order to support a defense or counterclaim based on principles of res judicata, collateral estoppel, release, good faith settlement, judgment bar, reduction, set-off or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim.

      14.     The Court orders that, upon the Effective Date, the Settlement shall be the exclusive remedy for any and all Released Claims of each and every Class Representative and Class Member. The Court thus hereby permanently bars and enjoins every Class Member from commencing, prosecuting, pursuing or continuing any and all Released Claims against any and all Released Parties. The Court hereby orders every Class Member to dismiss with prejudice any and all actions, suits, demands, or claims asserting any Released Claim.

      15.     The Court hereby dismisses with prejudice this Action and those Related Actions coordinated in MDL 2032 pursuant to 28 U.S.C. § 1407.

      16.     Without affecting the finality of this Final Approval Order in any way, the Court hereby retains continuing jurisdiction over (a) all matters relating to the modification, interpretation, administration, implementation, effectuation and enforcement of the Settlement and the Parties' stipulated protective order; (b) further proceedings, if necessary, on Class Counsel's fee application; and (c) the Parties, Class Counsel and Class Members for the purpose of construing, enforcing, and administering the Settlement and this Final Approval Order.

      17.     If an appeal, writ proceeding or other challenge is filed as to this Final Approval Order, and if thereafter the Final Approval Order is not ultimately upheld, all orders entered, stipulations made

and releases delivered in connection herewith, or in the Settlement or in connection therewith, shall be null and void to the extent provided by and in accordance with the Settlement.

18. Without further order of the Court, the Parties may agree to reasonably necessary extensions of time to carry out any of the provisions of the Settlement.

19. The Clerk shall enter a Judgment forthwith.

IT IS SO ORDERED.

Dated:  November 19, 2012

_____
MAXINE M. CHESNEY
United States District Judge