United States District Court

For the Northern District of California

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re: CHASE BANK USA, N.A. "CHECK LOAN" CONTRACT LITIGATION | MDL No. 2032 |
| | Case No. 3:09-md-2032 MMC |
| THIS DOCUMENT RELATES TO: | **ORDER GRANTING DEFENDANT'S MOTION FOR ORDER FINDING DANIEL J. HERBISON IN CONTEMPT; DENYING HERBISON'S MOTION TO QUASH; DIRECTIONS TO PARTIES** |
| ALL CASES | |

Before the Court is defendant Chase Bank USA, N.A.'s ("Chase") "Motion for an Order Holding Class Member Daniel J. Herbison ["Herbison"] in Contempt," filed January 9, 2013.  Herbison has filed opposition, to which Chase has replied.[1]  Also before the Court is Herbison's "Motion to Quash Chase's Motion for an Order Holding Daniel J. Herbison in Contempt for Lack of Jurisdiction," filed January 25, 2013; Chase has filed opposition thereto.

The matters came on regularly for hearing February 22, 2013.  Herbison, an attorney, appeared on behalf of himself.  Stephen J. Newman and Christine E. Ellice of Stroock & Stroock & Lavan LLP appeared on behalf of Chase.  Roger N. Heller of Lieff, Cabraser, Heimann & Bernstein, LLP and Geoffrey Munroe of Girard Gibbs LLP appeared

---

[1]Additionally, class counsel has filed a response to Chase's motion, in which response plaintiffs take no position on the question of contempt.

on behalf of the plaintiff class.  Having read and considered the papers filed in support of and in opposition to the motions, and having considered the arguments made at the hearing, the Court rules as follows.

**BACKGROUND**

**A.  The Instant Litigation ("MDL Proceeding")**

The first complaint comprising the instant MDL Proceeding was filed in this district on January 26, 2009, see Civil Case No. 9-0348, in which the plaintiffs therein alleged claims against Chase based on Chase's having changed the terms applicable to certain loans taken out by holders of Chase credit card accounts, specifically, an increase in the minimum monthly payment and an additional monthly fee.[2]  Thereafter, complaints alleging substantially similar claims were filed in this and other districts, and the Judicial Panel on Multidistrict Litigation transferred for coordination in this district all such complaints filed in federal district courts.  See In re Chase Bank USA, N.A. "Check Loan" Contract Litig., 629 F. Supp. 2d 1357 (J.P.M.L. 2009).  After the transfer, plaintiffs herein proceeded on the claims alleged in the Master Class Action Complaint ("MCAC") filed July 26, 2009.  By order filed November 19, 2009, the Court dismissed, for failure to state a claim, all claims in the MCAC with the exception of a claim arising under Delaware law, specifically, plaintiffs' claim for breach of the implied covenant of good faith and fair dealing, based on Chase's having increased the minimum monthly payment.

By order filed May 13, 2011, the Court certified a class, defined as follows:

All persons or entities in the United States who entered into a loan agreement with Chase, whereby Chase promised a fixed APR until the loan balance was paid in full, and (i) whose minimum monthly payment was increased by Chase to 5% of the outstanding balance, or (ii) who were notified by Chase of a minimum payment increase and subsequently closed their account or agreed to an alternative change in terms offered by Chase.

(See Order, filed May 13, 2011, at 10:7-11.)  Subsequent thereto, members of the class

---

[2]As discussed in detail in the operative complaint filed in the MDL Proceeding, Chase provided class members with "credit card checks," and class members accepted Chase's offer to repay at a "fixed" APR the funds borrowed when they used the credit card checks.  (See Master Class Action Complaint, filed July 26, 2009, ¶¶ 25-33.)  Chase later changed the above-referenced additional terms applicable to such loans.

1   were given notice of the certification and provided an opportunity to opt out of the MDL

2   Proceeding.

3          On May 16, 2012, following the close of all discovery, as well as the completion of all

4   briefing on Chase's motion for summary judgment and on Chase's motion to decertify the

5   class, and less than two months before a jury trial was scheduled to begin, the parties

6   advised the Court they had reached a settlement.[3]  After having been fully apprised of the

7   terms of the settlement and after conducting a hearing into the propriety of the settlement,

8   the Court, by order filed August 9, 2012, granted preliminary approval of the settlement and

9   directed the parties to provide the class with notice of the proposed settlement and an

10  opportunity to file objections or other responses thereto, which notice was subsequently

11  provided.

12         On November 16, 2012, the Court conducted a fairness hearing.  After considering

13  the papers filed in support of the settlement by the named plaintiffs and by Chase, all

14  objections and other responses to the settlement by class members, and the arguments

15  made at the hearing, the Court, by a Final Approval Order and Judgment filed November

16  19, 2012, approved the settlement, dismissed the actions pending before the Court, and

17  entered judgment.  The Court's order and judgment "permanently bars and enjoins every

18  Class Member from commencing, prosecuting, pursuing or continuing any and all Released

19  Claims against any and all Released Parties," and, further, "orders every Class Member to

20  dismiss with prejudice any and all actions, suits, demands, or claims asserting any

21  Released Claim."  (See Final Approval Order and Judgment, filed November 19, 2012, at

22  4:15-18.)

23         No appeal from the Final Approval and Judgment has been filed.

24  **B.  Herbison's Complaint ("New Mexico Action")**

25         On February 3, 2009, Herbison, an attorney proceeding pro se, filed in the Second

26  Judicial District Court, County of Bernalillo, New Mexico, a state court action titled Herbison

27  ───────────────

28         [3]Earlier in the course of the MDL Proceedings, the parties attempted on several
    occasions to settle the matter, but were unsuccessful in those prior efforts.

1   v. Chase Bank USA, N.A. ("New Mexico Action"). (See Newman Decl., filed January 9,

2   2013, Ex. A.) In the New Mexico Action, Herbison, on behalf of a putative class of New

3   Mexico residents, alleges claims arising under New Mexico state law based on the same

4   change of terms at issue in the MDL Proceeding.

5         On August 10, 2010, the state court granted Herbison's motion for class certification,

6   and certified a class defined as follows:

7

8         N.M. residents to whom, as of November 1, 2008, Defendant [Chase] mailed a
notice which (1) imposed a $10.00/month service charge (subsequently rescinded)
9         and (2) changed the minimum-payment calculation from 2% to 5% of the account
balance.

10   (See Newman Decl. Ex. B at 1.)

11         On December 3, 2010, the New Mexico Supreme Court granted Chase's petition for

12   a writ of certiorati, and, at present, the order granting class certification remains pending

13   before the New Mexico Supreme Court.

14                             **DISCUSSION**

15         By the instant motion, Chase seeks an order finding Herbison in contempt of the

16   Court's order of November 19, 2012, for the reason that Herbison, in contravention of said

17   order, has taken no steps to dismiss the New Mexico Action.

18         "If a person disobeys a specific and definite court order, he may properly be

19   adjudged in contempt." In re Crystal Palace Gambling Hall, Inc., 817 F.2d 1361, 1365 (9th

20   Cir. 1987). "A person fails to act as ordered by the court when he fails to take all the

21   reasonable steps within his power to insure compliance with the court's order." Id. (internal

22   quotation, citation, and alterations omitted). "It does not matter what the intent of the

23   [person] was when [he] disobeyed the order." Id. "Moreover, the contempt need not be

24   willful." Id. However, "[a]n alleged contemnor may defend against a finding of contempt by

25   demonstrating a present inability to comply." See United States v. Ayres, 166 F.3d 991,

26   994 (9th Cir.), cert. denied, 528 U.S. 880 (1999).

27         Here, the subject order is specific and definite in its directive that all class members

28   dismiss any claim released by the terms of the settlement agreement, and Herbison

1   concedes he is included "within the description" of the certified class (see Herbison Decl.

2   ¶ 3);[4] the settlement agreement expressly defines "Released Claims" to include the claims

3   alleged by Herbison in the New Mexico Action (see Gibbs Decl., filed July 23, 2012, Ex. 1

4   at 9-10).  Further, Chase has offered evidence, undisputed by Herbison, that Chase served

5   on Herbison a copy of the November 19, 2012 order (see Newman Decl. ¶ 12, Ex. G), as

6   well as a copy of the settlement agreement (see id. ¶ 6).  Additionally, Chase has offered

7   evidence, undisputed by Herbison, that the Notice Administrator appointed by the Court

8   had provided Herbison with notice of the certification of the class, which notice gave all

9   class members the opportunity to opt out of the MDL Proceeding, and notice of the

10  settlement, which notice gave all class members the opportunity to object to the terms of

11  the settlement.  (See Keough Decl., filed January 9, 2009, ¶¶ 6-7, 10-11, Exs. D, E.)

12  Lastly, as Herbison acknowledged at the February 22, 2013 hearing, he has the present

13  ability to comply with the November 19, 2012 order.

14          In opposing Chase's motion, and in his motion to quash, Herbison argues he

15  nonetheless should not be held in contempt.  Specifically, Herbison asserts, class counsel

16  did not adequately represent his interests in the MDL Proceeding and, as a consequence,

17  this Court lacks personal jurisdiction over him and he is not bound by the November 19,

18  2012 order that otherwise would require him to dismiss the New Mexico Action.

19          As the Supreme Court has explained, where, as here, a court has certified a class,

20  the court has personal jurisdiction over an absent class member if (1) the absent class

21  member was given notice of the class action, including an opportunity to opt out and to

22  object to any settlement, and (2) "the named plaintiff at all times adequately represent[ed]

23  the interests of the absent class members."  See Phillips Petroleum Co. v. Shutts, 472 U.S.

24  797, 811-12 (1985) (holding "[i]f the forum State wishes to bind an absent plaintiff . . . , it

25  must provide minimal procedural due process protection").  Here, the first of the above

26  elements is not in dispute; as discussed above, Herbison was served with notice of the

27

28          [4]Herbison's declaration is attached as Exhibit A to his opposition to Chase's motion.

5

1    certification order, by which he was given the opportunity to opt out, and was served with

2    notice of the settlement, by which he was given an opportunity to object.

3          With respect to the latter element, Herbison argues that class counsel did not

4    adequately represent his interests or the interests of the class he represents in the New

5    Mexico Action.  As Herbison clarified at the February 22, 2013 hearing, his position is that

6    class counsel did not adequately represent New Mexico residents because class counsel

7    did not pursue in the MDL Proceeding the New Mexico state law claims he has alleged in

8    the New Mexico Action.  The Court does not find Herbison's position persuasive.

9          First, in its order certifying the class and in its order approving the settlement, the

10   Court expressly found, respectively, that class counsel would and did adequately represent

11   the class certified in the MDL Proceeding (see Order, filed May 13, 2011, at 9:7-13; Final

12   Approval Order, filed November 19, 2012, ¶ 5), and Herbison, as set forth in his opposition

13   and confirmed at the hearing conducted February 22, 2013, "does not seek to set aside or

14   modify any part of this Court's final order" (see Herbison's Opp. at 2).

15         Second, although at the February 22, 2013 hearing Herbison asserted that the New

16   Mexico state law claims alleged in the New Mexico Action are "strong," thus suggesting the

17   claims alleged in the MDL Proceeding were not, Herbison has presented no support for

18   such conclusory assertion.  Nor has Herbison otherwise offered any evidence to support a

19   finding that class counsel, by pursuing in the MDL Proceeding claims under federal law and

20   Delaware state law, acted contrary to the interests of New Mexico class members in any

21   manner, let alone to such extent that the representation provided to absent New Mexico

22   class members was inadequate.[5]

23         Third, one of the named class representatives, Orly Williams ("Williams"), is, like

24   Herbison, a resident of New Mexico.  Williams has been actively involved in all phases of

25

26         [5]Although not addressed by the parties in connection with the instant motion, the
     Court notes that the Cardmember Agreement includes a "Delaware choice of law
27   provision."  (See MCAC ¶ 164; see also Pls.' Req. for Judicial Notice, filed October 19,
     2009, Ex. A to Ex. 1 ("This Agreement is governed by the laws of the United States and the
28   State of Delaware.").)

the MDL Proceeding, having initially filed in the District of New Mexico a complaint against

Chase that was transferred to this district for inclusion in the MDL Proceeding and

thereafter having been appointed by the Court as one of the class representatives.

Williams participated extensively in the discovery proceedings as well as settlement

negotiations (see Williams Decl., filed September 9, 2012, ¶ 3), and, having "carefully

reviewed the settlement agreement," found it to be "fair, reasonable, adequate, and in the

best interests of the class members" (see id. ¶ 5). Nothing in the record suggests Williams

failed to understand the responsibilities of a class representative, or that Williams did not

adequately represent the other residents of New Mexico or any other absent class

member.

Finally, as set forth below, the cases on which Herbison relies in which a court has

found either a class representative or class counsel did not provide adequate

representation to an absent class member are, in each instance, readily distinguishable on

their facts.

In Gonzales v. Cassidy, 474 F.2d 67 (5th Cir. 1973), for example, a class

representative, after successfully obtaining "individual relief" for himself but failing to obtain

such relief on behalf of 150,000 absent class members, declined to appeal on behalf of the

absent class. See id. at 76. Under such circumstances, which, in essence, involved a

class representative who put his personal interests above those of the class, the Fifth

Circuit found the absent class members were not adequately represented. See id. In the

instant MDL Proceeding, by contrast, no such self-serving conduct on the part of any class

representative or class counsel has occurred.

In Amchem Products, Inc. v. Windsor, 521 U.S. 591 (1997), the Supreme Court, in a

class action alleging exposure to asbestos, found the class representatives could not

adequately represent all class members in a "single giant class" consisting of persons with

present physical injuries and persons without present injuries, because the interests of the

two groups were "not aligned" with respect to the type of relief sought. See id. at 625-27;

see also Stephenson v. Dow Chemical Co., 273 F.3d 249, 260-61 (2nd Cir. 2001) (holding

1  named class representatives in Agent Orange personal injury class action did not

2  adequately represent absent class members who learned of injuries after settlement fund

3  was exhausted, where class representatives settled all future claims but settlement

4  provided no recovery for future claimants).  Here, by contrast, Herbison identifies no

5  conflict between the class representatives and the residents of New Mexico, let alone a

6  conflict of the type identified in the authority on which he relies.  Indeed, unlike the situation

7  in Amchem, the class representatives and New Mexico residents sustained the same

8  asserted injury, which, in all instances, allegedly was incurred when Chase changed the

9  terms of the loans.[6]

10      In short, the Court finds Herbison was adequately represented in the instant MDL

11  Proceeding and, consequently, this Court has personal jurisdiction over him.

12      In his opposition to Chase's motion, Herbison further contends the Anti-Injunction

13  Act, 28 U.S.C. § 2283, precludes the Court from enforcing its order directing him to dismiss

14  the New Mexico Action.  The Court disagrees.

15      Although the Anti-Injunction Act generally prevents a federal court from "enjoining

16  the 'proceedings in a State court,'" see Sandpiper Village Condominium Ass'n v. Louisiana-

17  Pacific Corp., 428 F.3d 831, 842 (9th Cir. 2005) (quoting 28 U.S.C. § 2283), an exception

18  exists where an injunction is "necessary 'to protect or effectuate [a federal court's]

19  judgments,'" see id. (quoting 28 U.S.C. § 2283).[7]  Said exception, known as the "relitigation

20  exception," is "founded in the well-recognized concepts of res judicata and collateral

21  estoppel," and, consequently, "the requirements of identity of the parties, adequate notice,

22

23  _____

24  [6]The other cases on which Herbison relies likewise are readily distinguishable, as they involve a second action filed by a plaintiff who was neither a member of the class nor in privity with a class member in the first action, see Sandpiper Village Condominium Ass'n v. Louisiana-Pacific Corp., 428 F.3d 831, 848-49 (9th Cir. 2005), or filed by persons alleging claims not released in the prior class action settlement and who had not been provided an opportunity to opt out of the prior class action, see Frank v. United Airlines, Inc., 216 F.3d 845, 851 (9th Cir. 2000), cert. denied, 532 U.S. 914 (2001).

27  [7]The Ninth Circuit has held that "ordering the parties not to proceed is tantamount to enjoining the proceedings."  See Negrete v. Allianz Life Ins. Co., 523 F.3d 1091, 1098 (9th Cir. 2008) (internal quotation, alteration, and citation omitted).

1   and adequate representation apply," see id. at 847 (internal quotations, alteration, and

2   citations omitted); additionally, the action being enjoined must "arise[ ] from the same

3   transaction, or series of transactions as the original action," see Western Systems, Inc. v.

4   Ulloa, 958 F.2d 864, 871 (9th Cir. 1992), cert. denied, 506 U.S. 1050 (1993).  Here,

5   Herbison and Chase are parties to both the MDL Proceeding and the New Mexico Action

6   and, as discussed above, Herbison had adequate notice of the MDL Proceeding and was

7   adequately represented by class counsel.  Further, the New Mexico Action is based on the

8   same set of facts as was the MDL Proceeding; specifically, the plaintiffs in both actions

9   challenge the propriety of the same changes made by Chase to the terms of their "credit

10  card check" loans.[8]

11      Accordingly, the Court finds the Anti-Injunction Act does not preclude the Court from

12  enforcing its November 19, 2012 order against Herbison.

13      In sum, Herbison had actual notice of the Court's order of November 19, 2012, said

14  order directs Herbison to dismiss the New Mexico Action, Herbison admittedly has the

15  present ability to dismiss the New Mexico Action, and Herbison has taken no steps to do

16  so.  Further, contrary to Herbison's argument, Herbison is subject to personal jurisdiction in

17  this case and the Anti-Injunction Act does not preclude this Court from enforcing the

18  November 19, 2012 order against him.  Under such circumstances, the Court finds

19  Herbison is in contempt of the Court's November 19, 2012 order.

20      As sanctions for the contempt, Chase seeks an order directing Herbison to pay a

21  daily fine until he complies with said order, and, additionally, to pay Chase the attorneys'

22  fees and costs Chase has reasonably incurred in connection with the instant motion.  The

23  Court finds both such sanctions are appropriate.  See General Signal Corp. v. Donallco,

24  Inc., 787 F.2d 1376, 1380 (9th Cir. 1986) ("Sanctions for civil contempt may be imposed to

25

26  [8]The cases differ only insofar as the operative complaint in the MDL Proceeding
    sought relief under federal law and Delaware state law, whereas the complaint in the New
27  Mexico Action seeks relief under New Mexico state law.  For purposes of the relitigation
    exception, however, Herbison's reliance on a "different substantive law premise or ground"
28  in the New Mexico Action "does not constitute the presentation of a new claim."  See id.
    (internal quotation and citation omitted).

9

1   coerce obedience to a court order, or to compensate the party pursuing the contempt

2   action for injuries resulting from the contemptuous behavior, or both.").

3          First, the Court finds it appropriate to require Herbison to pay a fine of $300.00 per

4   day, payable to the Clerk of the Court, said fine accruing as of March 11, 2013. See Ayres,

5   166 F.3d at 995 ("One of the paradigmatic civil contempt sanctions is a per diem fine

6   imposed for each day a contemnor fails to comply with an affirmative court order.") (internal

7   quotation and citation omitted).[9]

8          Second, the Court finds it appropriate to award Chase the fees and costs it

9   reasonably incurred in connection with its motion, according to proof. See Perry v.

10  O'Donnell, 759 F.2d 702, 705 (9th Cir. 1985) (holding fees may be awarded even where

11  contempt not willful; stating "[a]ttorneys fees frequently must be expended to bring a

12  violation of an order to the court's attention").

13                                      **CONCLUSION**

14         For the reasons stated above:

15         1.  Chase's motion for an order holding Herbison in contempt is hereby GRANTED

16  and

17             a.  Herbison is hereby DIRECTED to pay to the Clerk of the Court for the

18  Northern District of California a daily fine of $300.00, beginning March 11, 2013 and

19  continuing to accrue until such date as Herbison has taken all necessary steps to dismiss

20  the New Mexico Action;

21             b.  Herbison is hereby DIRECTED to pay to Chase the fees and costs

22  reasonably incurred in connection with Chase's motion.  No later than March 15, 2013,

23  Chase shall file and serve on Herbison a brief and any supporting declarations, setting

24  forth the fees and costs it claims it reasonably incurred in connection with its motion.  No

25  later than March 29, 2013, Herbison may file a response thereto.  As of March 29, 2013,

26  ─────────────────

27         [9]Although Chase requests the daily fine be payable to the settlement fund, such coercive fines are "payable to the court, not [the opposing party]." See General Signal

28  Corp., 787 F.2d at 1380 (holding coercive civil contempt sanction must be "payable to the court").

unless the parties are otherwise advised, the Court will take the matter under submission.

2.  Herbison's motion to quash is hereby DENIED.

**IT IS SO ORDERED.**

Dated:  February 28, 2013

MAXINE M. CHESNEY
United States District Judge

11